**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELMER DIONICIO ALVARENGA NATAREN
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

THIP KHAO, LLC
d/b/a THIP KHAO
3462 14th Street NW
Washington, DC 20010

SENGAROUN PRADACHITH
a/k/a SENGAROUN KHAMMANIVANH
a/k/a SENG LUANGRATH
6335 Indian Run Parkway
Alexandria, VA 22312

    Defendants.

Civil Action No. _____

## **COMPLAINT**

1. Defendants employed Plaintiff at their restaurant called Thip Khao, located at 3462 14th Street NW, Washington, DC 20010. Defendants paid Plaintiff a semimonthly salary that denied Plaintiff minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because at least one Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

### Parties

5.  Plaintiff Elmer Dionicio Alvarenga Nataren is an adult resident of the District of Columbia.

6.  Thip Khao, LLC is a District of Columbia limited liability company. Thip Khao does business as "Thip Khao." Thip Khao, LLC's primary business address is 3462 14th Street NW, Washington, DC 20010. Its resident agent is United States Corporation Agents, Inc., 700 12th Street, Suite 700, Washington, DC 20005.

7.  Sengaroun Pradachith is an adult resident of Virginia. On information and belief, she is also known as Sengaroun Khammanivanh and Seng Luangrath. She resides at 6335 Indian Run Parkway, Alexandria, VA 22312. She is an owner and officer of Thip Khao, LLC. She exercises operational authority over the operations of Thip Khao, LLC, including its pay practices.

### Factual Allegations

8.  Defendants own and operate the restaurant named Thip Khao, located at 3462 14th Street NW, Washington, DC 20010.

9.  Plaintiff worked at Thip Khao from approximately February 6, 2015 through approximately April 27, 2016.

10.     Plaintiff worked as a kitchen hand. He performed duties such as cleaning, cutting vegetables, and cooking.

11.     Plaintiff typically and customarily worked six days a week.

12.     From approximately February 6, 2015 through approximately April 30, 2015, Plaintiff typically and customarily worked the following schedule:

| Monday | 10:00 a.m. – 11:30 p.m. | No Break | 13.5 Hours Worked |
|---|---|---|---|
| Tuesday | Off | Off | Off |
| Wednesday | 10:00 a.m. – 11:30 p.m. | No Break | 13.5 Hours Worked |
| Thursday | 10:00 a.m. – 11:30 p.m. | No Break | 13.5 Hours Worked |
| Friday | 10:00 a.m. – 11:30 p.m. | No Break | 13.5 Hours Worked |
| Saturday | 10:00 a.m. – 11:30 p.m. | No Break | 13.5 Hours Worked |
| Sunday | 10:00 a.m. – 11:30 p.m. | No Break | 13.5 Hours Worked |
|  |  |  | **Total:    81 Hours** |

13.     From approximately May 1, 2015 through approximately April 27, 2016, Plaintiff typically and customarily worked the following schedule:

| Monday | 10:00 a.m. – 11:30 p.m. | 1 Hour Break | 12.5 Hours Worked |
|---|---|---|---|
| Tuesday | Off | Off | Off |
| Wednesday | 10:00 a.m. – 11:30 p.m. | 1 Hour Break | 12.5 Hours Worked |
| Thursday | 10:00 a.m. – 11:30 p.m. | 1 Hour Break | 12.5 Hours Worked |
| Friday | 10:00 a.m. – 11:30 p.m. | 1 Hour Break | 12.5 Hours Worked |
| Saturday | 10:00 a.m. – 11:30 p.m. | 1 Hour Break | 12.5 Hours Worked |
| Sunday | 4:00 p.m. – 11:30 p.m. | No Break | 7.5 Hours Worked |
|  |  |  | **Total:    70 Hours** |

14.     Plaintiff worked overtime hours.

15.     Plaintiff typically worked overtime hours each and every workweek.

16.     Plaintiff worked approximately 2,011 overtime hours.

17.     Plaintiff was always paid a semimonthly salary.

18.     Plaintiff was paid a $900.00 semimonthly salary from approximately February 6, 2015 through approximately October 31, 2015.

3

19.     Plaintiff was paid a $1,050.00 semimonthly salary from approximately November 1, 2015 through approximately April 27, 2016.

20.     Defendants never paid Plaintiff overtime wages for any of his overtime hours.

21.     Defendants always effectively paid Plaintiff less than the federal and District of Columbia minimum wage.

22.     From approximately February 6, 2015 until approximately October 31, 2015, Plaintiff was paid with cash

23.     From approximately November 1, 2015 through April 27, 2016, Plaintiff was paid with checks.

24.     Defendants owe Plaintiff approximately **$28,833.75** in unpaid minimum and overtime wages.

25.     Typically, Defendant Sengaroun Pradachith organized the kitchen staff and assigned Plaintiff his work duties.

26.     Defendant Sengaroun Pradachith provided Plaintiff with her cell phone number, 703-635-0807, so that so that Plaintiff could reach her for any work related emergency.

27.     At all relevant times, the federal minimum wage was $7.25 per hour.

28.     The District of Columbia minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

29.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

30.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

31. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

32. At all relevant times, Defendants had the power to fire Plaintiff.

33. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

34. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

35. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff were paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

36. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

37. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

38. Defendants failed to provide Plaintiff with notice of Plaintiff's employer's name, address, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

39. Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

40. Defendants did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the minimum wage required by District of Columbia and federal law.

42. At all relevant times, Defendants were aware that that they were legally required to pay Plaintiff the federal and District or Columbia minimum wage.

43. At all relevant times, Defendants were aware that that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

44. At all relevant times, Defendants were aware that that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

47. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required federal minimum wage.

51. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

52. Defendants' FLSA violations were willful.

53.     For their FLSA violations, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

54.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

56.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

57.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

58.     Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

59.     Defendants' DCWPCL violations were willful.

60.     For their DCWPCL violations, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, on all counts, and grant the following relief:

a.      Award Plaintiff **$115,335.00**, consisting of the following overlapping elements:

      i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.     unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.     Award Plaintiff court costs; and

e.     Award any additional relief the Court deems just.

Date: June 7, 2016

Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*